IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN N. BISBY,

Petitioner,

Civil No. 06-1005-BR

OPINION AND ORDER

v.

BRIAN BELLEQUE,

Respondent.

**CRAIG E. WEINERMAN**
Office of the Federal Public Defender
151 W. 7th
Suite 510
Eugene, OR  97401

Attorney for Petitioner

**HARDY MYERS**
Attorney General
**DOUGLAS PARK**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus, and **DISMISSES** this action, without prejudice, on the basis that Petitioner has not exhausted his available state remedies.

## BACKGROUND

On September 22, 2000, Petitioner entered dispositional pleas to three charges in Multnomah County Circuit Court Case No. 0004-33599: (1) Count 4 - Coercion (a guilty plea); (2) Count 6 - Assault in the Fourth Degree (a guilty plea); and (3) Count 9 - Resisting Arrest (a no-contest plea). Petitioner also pleaded guilty to one count of Tampering With a Witness in Multnomah County Circuit Court Case No. 0009-37304.

The trial court imposed an upward durational departure sentence of 72 months of imprisonment and 36 months of post-prison supervision on Count 4 in Case No. 0004-33599. On both Counts 6 and 9, the trial court imposed six-month sentences to run concurrently to Count 4. In Case No. 0009-37304, the trial court sentenced Petitioner to 25 months of imprisonment and 24 months of post-prison supervision, also to run concurrently with the sentences imposed in Case No. 0004-33599. Thus, the net sentences

totaled 72 months of imprisonment and 36 months of post-prison supervision.

Petitioner filed direct appeals in both cases, but voluntarily dismissed them. He then sought state post-conviction relief ("PCR") in both cases. On May 10, 2005, the PCR trial court vacated the sentences in both cases and remanded them for re-sentencing.

On June 27, 2005, Petitioner appeared in Multnomah County Circuit Court for re-sentencing. In Case No. 0004-33599, the trial court reduced the sentence for Count 4 (Coercion) to 36 months of imprisonment and 24 months of post-prison supervision, but re-imposed concurrent six-month sentences on Counts 6 and 9. In Case No. 0009-37304, the trial court increased the sentence to 30 months of imprisonment and ordered it to run consecutively to the sentences imposed in Case No. 0004-33599. The new judgments resulted in sentences totaling 66 months of imprisonment and 24 months of post-prison supervision.

Petitioner directly appealed the new judgments. After four extensions of time, Petitioner filed his opening brief on April 5, 2006. After two extensions of time, Respondent filed an answering brief on October 9, 2006. Petitioner's appeal was initially set for oral argument on November 1, 2006, but was then submitted on the briefs on November 30, 2006. The appeal remains pending.

Petitioner filed state petitions for writs of habeas corpus in Malheur County Circuit Court and Marion County Circuit Court, which the habeas trial courts dismissed.   Appeals from those dismissals also remain pending before the Oregon Court of Appeals.

On July 14, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this Court.   Petitioner alleges the judgments on re-sentencing violated Oregon law, the Fifth Amendment protection against double jeopardy, and his due process rights under the Fourteenth Amendment.   Respondent argues the Petition here should be dismissed because Petitioner's direct appeal from re-sentencing and his appeals from his two state habeas cases remain pending.

## DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.   *See* 28 U.S.C. § 2254(b)(1).   A petitioner must seek discretionary review in the state's highest court in order to fully exhaust his state remedies.   *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Exhaustion is not required, however, if "circumstances exist that render such process ineffective to protect the rights of the applicant."   28 U.S.C. § 2254(b)(1)(B)(ii).   Unusual delay in state court, amounting to a due process violation, is such a circumstance.   *Edelbacher v. Calderon*, 160 F.3d 582, 586 (9th Cir.

4 - OPINION AND ORDER -

1998); *Phillips v. Vasquez*, 56 F.3d 1030, 1035 (9th Cir.), *cert. denied*, 516 U.S. 1032 (1995); *Coe v. Thurman*, 922 F.2d 528, 530-31 (9th Cir. 1990).

Here, Petitioner concedes he has not exhausted his state court remedies. Nevertheless, he asks this Court to consider his claims because "the six-year delay in the state trial and appellate process renders it ineffective to protect his rights." Petitioner further asserts the delay has already caused him to serve his full term of imprisonment, though he notes he is now incarcerated for a violation of his post-prison supervision. Alternatively, Petitioner argues a delay in the appellate process can be the basis for a due process violation. *See Coe*, 922 F.2d at 531.

Petitioner relies on the Tenth Circuit Court of Appeal's holding in *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994), that a two-year delay is presumptively too long. The Ninth Circuit, however, rejected such a presumption, stating "there is no talismanic number of years or months, after which due process is automatically violated." *Coe*, 922 F.2d at 531; *see also United States v. Mohawk*, 20 F.3d 1480, 1485-88 (9th Cir. 1994) (no due process violation found, despite a ten-year delay, where petitioner failed to show delay resulted in prejudice).

Instead, Ninth Circuit case law requires this Court to consider four factors to determine whether delay rises to the

level of a due process violation:  (1) the length of the delay;
(2) the reason for the delay; (3) whether the petitioner
diligently asserted his right to a speedy appeal in state court;
and (4) prejudice to the petitioner. *Coe*, 922 F.2d 15 531 (citing
*Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Petitioner argues exhaustion is not required because of a
six-year delay in the state trial and appellate process.  The
"six-year delay," however, measures from Petitioner's initial
dispositional pleas in 2000.  The state PCR court granted relief,
and re-sentencing took place on July 21, 2005, less than one year
before Petitioner filed this federal habeas corpus action.  On
appeal, Petitioner took nine months to file his opening brief, the
state took six months to file an answering brief, and the case was
submitted on the briefs to the Oregon Court of Appeals six months
ago.  Accordingly, the Court concludes Petitioner has not shown
that his appeal from the re-sentencing has been unjustly delayed
and, in any event, that any delay was caused primarily by the
state.  *See Edelbacher*, 160 F.3d at 586 (delay attributable to
petitioner, rather than the state, does not violate due process).

Petitioner has shown he diligently asserted his right to a
speedy appeal.  He has not, however, shown he was prejudiced by
the timing of his appeals.  Under *Coe*, this court looks to the
following factors in considering prejudice to petitioner:  (1)
oppressive incarceration pending appeal; (2) anxiety and concern

of the prisoner awaiting the outcome of the appeal, and; (3) impairment of the prisoner's grounds for appeal or the viability of the defense in case of retrial. *Coe*, 922 F.2d at 532. Of these factors, the most serious is the last. *Barker*, 407 U.S. at 532.

Petitioner argues he had completely served the sentence in Case No. 0009-37304 at the time he was re-sentenced, because previously that sentence was to run concurrently with the others. This argument is without merit. First, even if he had "served" the sentence, that happened *before* the June 27, 2005, re-sentencing, not during the pendency of his appeal. Moreover, the net effect of the re-sentencing was a *reduction* in the total months of imprisonment and post-prison supervision. In the absence of any other showing of prejudice, particularly any impairment of his grounds for appeal or the viability of his case should re-sentencing be ordered again, there is not any basis to conclude Petitioner has been prejudiced by a delay in his appeal.

Thus, Petitioner has not established unusual delay in the state appellate system amounting to a due process violation. As such, Petitioner is required to exhaust his available state remedies before pursuing federal habeas corpus relief under 28 U.S.C. § 2254.

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action, without prejudice, for lack of exhaustion.

IT IS SO ORDERED.

DATED this 27ᵗʰ day of June, 2007.

_____
ANNA J. BROWN
United States District Judge